1
2
3
4
5
6
7
8

Tionna Dolin (SBN 299010)
Email: tdolin@slpattorney.com
Karin Kuemerle (SBN 228492)
Email: kkuemerle@slpattorney.com
Daniel Law (SBN 308855)
Email: dlaw@slpattorney.com
Strategic Legal Practices, APC
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

9
10

Attorney for Plaintiffs
MARIA GUTIERREZ, JESUS GUTIERREZ, and
JESUS GUTIERREZ JR.

11

12          **UNITED STATES DISTRICT COURT**

13          **CENTRAL DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| 15  MARIA GUTIERREZ, JESUS<br>16  GUTIERREZ, and<br>     JESUS GUTIERREZ JR., | Case No.: 2:22-CV-01631-GW-JC |
| 17               Plaintiff, | Judge: Hon. George H. Wu<br>Magistrate: Hon. Jacqueline Chooljian |
| 18 | **PLAINTIFFS' MEMORANDUM OF** |
| 19          vs. | **POINTS AND AUTHORITIES IN**<br>**SUPPORT OF MOTION TO**<br>**REMAND AND REQUEST FOR** |
| 20 | **SANCTIONS UNDER 28 U.S.C.§** |
| 21  FCA US LLC; CHAMPION CHRYSLER<br>     JEEP DODGE RAM; and DOES 1<br>22  through 10, inclusive, | **1447(C)** |
|  | Date:  May 5, 2022<br>Time: 8:30 a.m. |
| 23               Defendants. | Place: Courtroom 9D (First Street) |
| 24 | [Concurrently filed with Notice of<br>Motion; Declaration In Support Of |
| 25 | Plaintiffs' Motion to Remand; and<br>[Proposed] Order Granting Plaintiff's |
| 26 | Motion to Remand] |
| 27 | Demand for Jury Trial |

28

## I.     INTRODUCTION

Plaintiffs MARIA GUTIERREZ, JESUS GUTIERREZ, and JESUS GUTIERREZ JR. ("Plaintiffs") initially alleged on **January 28, 2021** that Defendant FCA US, LLC ("FCA") violated California's Lemon Law, the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq*), breached its express written warranty, breached its implied warranty of merchantability, and violated the **Federal Magnuson-Moss Warranty Act**. (*See generally*, Dkt. No. 1, Notice of Removal, Ex. A, hereinafter, "Complaint" or "Comp.") Plaintiffs further alleged a single cause of action against Defendant CHAMPION CHRYSLER JEEP DODGE RAM FIAT ("CHAMPION") (collectively referred to with FCA as "Defendants") for negligent repair. (*Id.*)

As the Court's March 31, 2022 Order to Show Cause (Dkt. No. 16, hereafter, "Court's March 31, 2022 OSC") has already recognized, Defendants' Notice of Removal ("NOR") is "an untimely removal of this action given the appearance of the Magnuson-Moss Warranty Act claim in the original Complaint (filed January 28, 2021)". (Court's March 31, 2021 OSC, pg. 1, mid.) Further Defendant's NOR fails "to allege that $50,000 or more (exclusive of interest and costs) is in-controversy in the action, *see* 15 U.S.C. § 2310". (*Id.*)

These apparent issues were brought to Defendants' Counsel's attention on March 29, 2022, when counsel for the Parties held a Local Rule 7-3 Conference regarding Defendants' clearly untimely and defective Notice of Removal. (Law Dec., ¶ 1, Ex. 1.) Plaintiffs' Counsel informed Defendants' counsel of their intention to file a Motion to Remand. (*Id.*, ¶ 2.) However, Defendants refused to acknowledge that their Notice of Removal was improper, despite the fact that Plaintiffs' **January 28, 2021** Complaint *initially* contained a **Federal cause of action under the Magnuson-Moss Warranty Act**. (Complaint, ¶¶s 36-48.) Accordingly, through this Motion to Remand, Plaintiffs request "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.§ 1447(c);

1  *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

2  **II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

3      **A.    The Nature of Plaintiff's Claims**

4          On or about October 3, 2018, Plaintiffs purchased a 2017 Fiat 124 Spider

5  vehicle (the "Subject Vehicle" or "Vehicle"). (*See* Comp., ¶ 7.) Plaintiffs received

6  various warranties in which Defendant FCA undertook to preserve or maintain the

7  utility or performance of the Subject Vehicle or to provide compensation if there was

8  a failure in utility or performance for a specified time period. (*Id*., ¶ 8.) The warranties

9  provided, in relevant part, that in the event a defect developed with the Subject Vehicle

10 during the warranty period, Plaintiffs could deliver the Subject Vehicle for repair to

11 Defendant FCA's representatives and the Subject Vehicle would be repaired. (*Id*.)

12 During the warranty period, the Subject Vehicle contained or developed defects, which

13 substantially impair the use, value, or safety of the Subject Vehicle. (*Id.*, ¶ 9.) However,

14 Defendant FCA and its representatives have been unable to service or repair the

15 Subject Vehicle to conform to the applicable express and implied warranties. (*See id.,*

16 ¶¶s 14, 20, 28, 41.)  Further, Plaintiffs allege that Defendant CHAMPION negligently

17 repaired the Vehicle. (*Id*, ¶¶s 49-53.)

18     **B.    Plaintiffs' State Court Complaint and Defendants' Improper**

19          **Notice of Removal**

20         A described above, on **January 28, 2021**, Plaintiffs initially filed this action,

21 which included a **Federal Magnuson-Moss claim**, in Plaintiffs' chosen forum, the

22 Los Angeles County Superior Court, alleging causes of action against FCA for

23 violations of the Song-Beverly Consumer Warranty Act ("SBA"), for breach of the

24 express written warranty, for breach of the implied warranty of merchantability, as

25 well as a separate cause of action against CHAMPION, for negligent repair. (See

26 Comp., generally.) On **March 11, 2022**, after this case had been pending in the Los

27 Angeles Superior Court for *over a year*, and in the midst of Defendants' Motion for

28

Summary Judgement, Defendants unexpectedly removed this case to the United States District Court for the Central District of California. (See NOR, generally.)

Defendants' removal is clearly improper, in that a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Because Plaintiffs' initial Complaint containing the Federal cause of action under the Magnuson-Moss Warranty Act was served on Defendant FCA on February 17, 2021, and sub-served on Defendant CHAMPION on February on 17, 2021, pursuant to 28 U.S.C. § 1441(a), Defendants' deadline to remove this case to Federal Court was **March 19, 2021**. (Law Dec. ¶ 4.) Since Defendants removed this case on **March 11, 2022,** Defendants' removal is clearly untimely, occurring nearly a year after being served.

Further, Defendants did not even bother to address the **requisite amount in controversy** in their NOR, implying that Defendants' NOR was filed for an ***improper purpose*** (ie. to obstruct and delay Plaintiffs' pursuit of remedies under the "strongly pro-consumer" protection statutes passed by the California State legislature; see e.g., *Murillo v. Fleetwood Enterprises, Inc.*, (1998) 17 Cal.4th 985, 990.)

## C.    Plaintiffs' Meet-and-Confer Efforts

On March 23, 2022, Plaintiffs' Counsel sent Defendants' Counsel a meet and confer correspondence regarding Plaintiffs' intent to file a Motion to Remand based on the exact same issues raised in the Court's March 31, 2022 OSC. (See Law Dec. ¶ 1, Ex. 1; see also Court's March 31, 2022 OSC.)

Subsequently, the Parties held a Local Rule 7-3 Conference on March 29, 2022. During the Local Rule 7-3 Conference, the Parties discussed Plaintiffs' contentions raised in the March 23, 2022 Meet and Confer correspondence, and Plaintiffs' intent to file a Motion to Remand. Despite Defendants' clearly defective notice of removal, the Parties could not reach a resolution, and agreed the Parties were at an impasse. (Law Dec., ¶ 2.)

To break the impasse, Plaintiffs brings the instant, pursuant to LR 7-3, and further, request "just costs and any actual expenses, including attorney fees, incurred as a

1    result of the removal." 28 U.S.C.§ 1447(c); *see also Jordan v. Nationstar Mortg. LLC*,

2    781 F.3d 1178, 1184 (9th Cir. 2015).

3    **III.    DEFENDANT HAS THE BURDEN ON REMOVAL**

4         It is a "longstanding, near-canonical rule that the burden on removal rests with the

5    removing defendant." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th

6    Cir. 2006). Moreover, "[courts] strictly construe the removal statute against removal

7    jurisdiction." *Kolova*, supra, at 1196 (*quoting Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

8    Cir. 1992); *See also, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.

9    Ct. 868, 85 L. Ed. 1214 (1941). If there is any doubt as to the right of removal in the first

10   instance, federal jurisdiction must be rejected. *Geographic Expeditions, Inc. v. Est. of*

11   *Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

12   **IV.    DEFENDANTS' REMOVAL IS CLEARLY UNTIMELY, AS**

13   **ACKNOWLEDGED BY THEIR OWN NOTICE OF REMOVAL**

14        Generally, a defendant has thirty (30) days from the date of service of a copy of the

15   complaint to remove a case. 28 U.S.C. § 1446(b). (NOR, ¶ 4.) Plaintiffs' "Complaint did

16   originally include a cause of action brought under federal law (Magnuson-Moss Warranty

17   Act (15 U.S.C. § 2301 et seq.)". (*Id.,* at ¶ 5.) Thus, Defendants' own Notice of Removal

18   acknowledges it is *untimely*, since Plaintiffs' *initial* Complaint contained a Federal Cause

19   of Action under the Magnuson-Moss Warranty Act. Plaintiffs' initial Complaint,

20   containing the Federal cause of action under the Magnuson-Moss Warranty Act was

21   served on Defendant FCA on February 17, 2021, and sub-served on Defendant

22   CHAMPION on February on 17, 2021 (Law Dec., ¶ 4.), meaning Defendants' removal

23   was outside the thirty (30) day deadline. By failing to remove this case within thirty days

24   of being served with the Complaint, Defendants have *waived any right to removal*.

25        This is grounds, alone, to grant Plaintiffs' Motion, and to impose sanctions against

26   Defendants for their egregiously untimely Notice of Removal and their refusal to remand

27   this matter back to the Los Angeles Superior Court, Plaintiffs' chosen forum.

28

In support of its untimely removal, Defendants cite to a single case (with no analysis whatsoever): *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) ("*Bay Shore*") (NOR, ¶ 5.) Initially, the *Bay Shore* case cited by Defendants is a 2nd Circuit Court of Appeals case, and thus, is not binding on this Court.

Further, the *Bay Shore* case involved an issue regarding whether a Federal Statute, the Individuals with Disabilities Act ("IDEA"), required a New York state school district to provide one-to-one aide to a student diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") on location at the student's private school. (*Id*, at 733.) The school district argued that it was not required under Federal or New York law to provide one-to-one aide to the student on location at the student's private school. (*Id.*) The 2nd Circuit Court of Appeals stated "we are not persuaded by [the parties'] argument that their dispute involves a federal question because IDEA incorporates the New York Education Law on which this case turns." (*Id.*) Accordingly, federal jurisdiction was denied because, "assuming that IDEA incorporates the relevant New York Education Law, this does not provide an independent federal question that would sustain the court's jurisdiction." (*Id.*, at 734.)

By stark contract, the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.) *is* a separate *Federal* cause of action, with its own requirements and elements, independent of any California State Song-Beverly Act requirements. While the Magnuson-Moss Warranty Act allows remedies under the California Civil Code, the Magnuson-Moss provides its own cause of action, as alleged in Plaintiffs' Complaint. (Comp., ¶¶s 36-48), and thus, does not at all turn on a state-law issue. Accordingly, Plaintiff's Complaint, with its independent claim under the Federal Magnuson-Moss Warranty Act, formed the basis of federal question jurisdiction *when initially filed on January 28, 2021.*

Since Plaintiffs' Complaint was served on Defendant FCA on February 17, 2021, and sub-served on Defendant CHAMPION on February on 17, 2021, pursuant to 28 U.S.C. § 1441(a), Defendants' deadline to remove this case to Federal Court was **March 19, 2021**. Defendants removed this case on **March 11, 2022,** nearly a year after being

served with the Complaint (and heavily litigating this matter in the State Courts), and thus, Defendants' removal is untimely. Therefore, the Court must remand this action to the Los Angeles Superior Court, Plaintiffs' chosen forum.

## V. DEFENDANT, AS THE REMOVING PARTY, HAS FAILED TO ESTABLISH SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. section 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See, City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). *See also, Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "[A]ny doubt about the right of removal requires resolution in favor of remand." (*Moore-Thomas,* 553 F.3d, 1244.) Indeed, the courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See, DaimlerChrysler Corp. v. Cuno*, 547

1    U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).

2         Defendant has fallen far short of carrying its burden of proof of showing that

3    removal was proper because the removal was *untimely.* Further, Defendants' Notice of

4    Removal fails to even address the amount in controversy issue. (See NOR, generally.)

5    **A.    Defendants Did Not Carry Its Burden of Establishing that the**

6         **Amount in Controversy Exceeds $50,000**

7         1.    The Relevant Legal Standard – Preponderance of Evidence.

8         Civil cases arising under the federal Magnuson-Moss Warranty Act are

9    removable to federal court only if the amount in controversy exceeds $50,000. (15

10   U.S.C. § 2310(d)(3)(B).) Where it is unclear or ambiguous from the face of the state-

11   court complaint whether the requisite amount in controversy is pled, the removing

12   defendant bears the burden of establishing, ***by a preponderance of the evidence***, that the

13   amount in controversy exceeds the jurisdictional amount. *See Guglielmino v. McKee*

14   *Foods Corp.*, 506 F.3d 696, 699 (2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102

15   F.3d 398, 404 (9th Cir. 1996).[1] In particular, where a complaint estimates damages in the

16   body of complaint, but does not repeat it in the Prayer for Relief, the complaint does not

17   allege a sufficiently specific total amount in controversy, and the preponderance of the

18   evidence burden of proof therefore falls on the removing defendant. *Guglielmino*, 506

19   F.3d at 701.

20        Further, the Magnuson-Moss Warranty Act does not "indicate that the amount in

21   controversy for [the MMWA] is assessed any differently than the diversity jurisdiction

22   requirement found in 28 U.S.C. § 1332." *Limon-Gonzalez v. Kia Motors Am., Inc.,* CV

23   20-4381 PA (JPRX), 2020-WL 3790838, at *2 (C.D Cal. July 7, 2020). Under the

24   preponderance of the evidence standard, the defendant bears the burden of providing

25   ***evidence*** establishing that it is more likely than not that the amount in controversy exceeds

26   the threshold amount. *Guglielmino*, 506 F.3d at 701. In the absence of record evidence on

27

28   _____
         [1] The strong presumption against removal jurisdiction means that the
     defendant always has the burden of establishing that removal is proper. *Gaus*, 980
     F.2d at 566.

1   this point, a defendant fails to satisfy its burden of proof. *Sanchez*, 102 F. 3d at 405

2   (defendant provided the court "with absolutely no evidence" that would allow it to

3   determine the amount in controversy); *Gaus*, 980 F.2d at 567 ("Mobay simply alleges that

4   'the matter in current controversy ... exceeds the sum of $50,000.' This allegation,

5   although attempting to recite some 'magical incantation,' neither overcomes the 'strong

6   presumption' against removal jurisdiction, nor satisfies Mobay's burden of setting forth,

7   in the removal petition itself, the underlying facts supporting its assertion that the amount

8   in controversy exceeds $50,000."); *see also, Schneider v. Ford Motor Co*., 441 F. Supp.

9   3d 909 (N.D. Cal. Mar. 2, 2020); *Steg*, *supra*, 2020 WL 2121508, at *3.

10      Here, Defendants fail to even address the amount in controversy issue in its

11   untimely Notice of Removal. Thus, Defendants' concede the amount in controversy has

12   not been meet. Otherwise, they would have put forth even the most minimal of efforts to

13   establish the amount in controversy. The fact Defendants did not even bother to do so,

14   despite every opportunity, effectively waives any argument the requisite amount-in-

15   controversy has been established. (See NOR, generally.)

16                      2.      Defendant Has Failed to Offer Any Evidence of Actual

17                              Damages.

18      Plaintiffs allege they "suffered damages in a sum to be proven at trial in an amount

19   that is not less than $25,001.00." (Comp., ¶ 10.) To clarify, the word, "damages" as used

20   in Plaintiffs' Complaint, refers to Plaintiffs' **total damages**, which include, *inter alia*,

21   (1) actual damages; (2) civil penalties; (3) attorneys' fees; *and* (4) punitive damages.

22   In other words, Plaintiffs are not alleging actual damages are at least $25,001.00, but

23   rather, that **total damages** (including actual damages, civil penalties, attorneys' fees,

24   etc.) are at least $25,001.00.

25      Numerous district courts throughout this Circuit have concluded that the language

26   contained in Plaintiffs' Complaint—*i.e.*, that Plaintiffs suffered "damages in a sum to be

27   proven at trial in an amount that is not less than $25,001.00" (Comp., ¶ 10)—is *insufficient*

28   to satisfy the amount in controversy requirement. *See, e.g., Mahlmeister v. FCA US LLC*,

No. CV2100564ABAFMX, 2021 WL 1662578, at *2 (C.D. Cal. Apr. 28, 2021) (finding such allegations insufficient to show the amount in controversy had been satisfied, particularly given that there were other options by which defendant could have—but did not—satisfy its burden); *Schneider*, 2020 WL 991531 at *3 (granting motion to remand and reasoning that "the Court could just as easily infer that the $25,001 refers to Plaintiff's total damages. This lack of clarity forecloses Defendants' argument that the $25,001 'more likely than not' satisfies the federal-jurisdictional amount."); *Steeg v. Ford Motor Co.,* No. 19-CV-05833-LHK, 2020 WL 2121508, at *3 (N.D. Cal. May 5, 2020) (granting motion to remand and stating, "Plaintiffs specify a monetary amount only once, when they allege that 'Plaintiffs suffered damages . . . in an amount not less than $25,000.01.' . . . The Court finds that this allegation is ambiguous and thus insufficient to meet Defendants' burden to establish removal."); *Edwards v. Ford Motor Company*, No. CV 16-05852 BRO (PLAX), 2016 WL 6583585 at *4 (C.D. Cal., Nov. 4, 2016) (granting motion to remand where Plaintiff's complaint simply states that "'Plaintiff suffered damages in a sum to be proven at trial' of at least $25,000. Defendant's assertion that these damages refer only to actual damages is only an assumption.") (citation omitted); *Limon-Gonzalez*, No. 2:20-CV-04381-PA-JPR, 2020 WL 3790838, at *2 (C.D. Cal. July 7, 2020) (in the context of MMWA, granting motion to remand and finding plaintiff's allegations of "damages in an amount that is not less than $25,001.00" too speculative) (emphasis added). Defendant's Notice of Removal fails to distinguish these decisions from the instant matter. Thus, on the face of the Plaintiffs' Complaint, Plaintiffs have *not* alleged more than $50,000 in controversy, as supported by the above-referenced case law, and Defendants have failed to meet its burden regarding the amount in controversy.

## VI.   PLAINTIFFS DESERVE COSTS AND ACTUAL EXPENSES, INCLUDING ATTORNEYS' FEES, INCURRED AS A RESULT OF DEENDANTS' CLEARLY UNTIMELY REMOVAL

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992).  Further, under FRCP Rule 11(c)(3), the Court, on its own, may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated FRCP Rule 11(b).

As described above, Defendants cite *a single case* in support of its contention that its Notice of Removal was timely (and thus, proper). However, Defendant fails to provide *any legal analysis, whatsoever*, to support its contention, and simply asserts in a conclusory fashion that its removal was proper under federal question jurisdiction. Defendant fails to even address the requisite amount in controversy, despite the Magnuson-Moss' clear requirements for a requisite amount-in-controversy. While bad faith is not required before awarding fees under § 1447(c), Defendants' conduct thus far strongly suggests either a lack of effort, or lack of belief in its own contentions. (See NOR, generally). Indeed, it appears Defendants lack any "objectively reasonable basis for seeking removal."  The Court recognizes Defendants' questionable arguments, evident by the March 31, 2022 OSC, indicatING the Court is invoking FRCP Rule 11(c)(3) on its own initiative. Accordingly, Plaintiffs request the Court award Plaintiffs "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

## VII.  CONCLUSION

Federal jurisdiction must be rejected if there is any doubt as to the right of removal

1    in the first instance (*Gaus*, 980 F.2d at 566), and thus, Plaintiffs' Motion must be granted.

2

3                                        Respectfully submitted,

4    Dated: April 7, 2022                STRATEGIC LEGAL PRACTICES

5
                                  By:  */s/ Daniel Law*
6                                      Daniel Law
7                                      Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3

**CERTIFICATE OF SERVICE**

4
5
6
7
8

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Los Angeles, California; my business address is Strategic Legal Practices, A Professional Corporation at 1888 Century Park East, Floor 19, Los Angeles, California 90067.

9

       On the date below, I served a copy of the foregoing document entitled:

10

**Plaintiffs' Memorandum of Points and Authorities ISO Motion to Remand**

11

on the interested parties in said case as follows:

12
13

**Served Electronically Via the Court's CM/ECF System**

14
15
16
17
18

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Los Angeles, California on April 7, 2022.

19
20
21
22

                              */s/ Daniel Law*

23

                              Daniel Law

24
25
26
27
28